IN THE MATTER OF ROBERT FRANKLIN HOWETT, JUVENILE

No. 858DC241

(Filed 16 July 1985)

**1. Infants § 19— juvenile proceeding—standard of proof**

Under G.S. 7A-631, juvenile respondents are entitled to have the evidence presented in their hearing evaluated by the same standards as apply in criminal trials against adults.

**2. Infants § 18— delinquency adjudication—attempted rape—insufficient evidence**

The evidence was insufficient to support an adjudication of delinquency on the ground of an attempt to carnally know a minor female by force and against her will where it tended to show that, although respondent juvenile tried to remove the minor female's shorts, he stopped when she simply spread her legs

to prevent her shorts from sliding off and left when the minor female told him to stop and that her mother would be home soon.

APPEAL by juvenile from *Goodman, Judge*. Order entered 2 October 1984 in District Court, WAYNE County. Heard in the Court of Appeals 24 June 1985.

Juvenile petition was filed on 21 August 1984 alleging that respondent was a delinquent juvenile, as defined in G.S. 7A-517 (12), in that "on or about the 11th day of August 1984, the juvenile did unlawfully willfully and feloniously attempt to ravish and carnally know [the minor female] by force and against her will in violation of G.S. 14-27.3 and 14-27.6."

At the hearing the minor female testified that she was fourteen years old and had known respondent for four years. On 11 August 1984 respondent came to her house, followed her inside and carried her to her bedroom. The minor female struggled and asked respondent to put her down. Respondent threw her on the bed, started to unbutton her blouse, pulled up her bra and unsuccessfully tried to pull her shorts off. She resisted him by "spreading [her] legs a little bit . . . ." Respondent then removed his own shorts and rubbed against her. When the minor female told him to stop, he pulled his shorts up and left.

Respondent testified that he had neither tried to pull the minor female's shorts down, nor removed his own shorts.

The juvenile court entered an order adjudicating respondent delinquent, placed him on probation for twelve months, ordered him not to see the minor female, and ordered him to spend two weekends in juvenile detention.

*Attorney General Thornburg by Assistant Attorney General David Gordon for the State.*

*Michael A. Ellis for respondent.*

PARKER, Judge.

Respondent contends that the juvenile court erred in denying his motion to dismiss for insufficiency of evidence.

[1]  Under G.S. 7A-631 of our Juvenile Code, juvenile respondents are entitled to have the evidence presented in their hearing

evaluated by the same standards as apply in criminal trials against adults. *In re Meaut*, 51 N.C. App. 153, 275 S.E. 2d 200 (1981). To support a conviction there must be substantial evidence of every essential element of the offense charged. *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). Substantial evidence is the amount of relevant evidence that would convince a rational trier of fact. *Id.* Second degree rape is engaging in vaginal intercourse with another person by force and against the will of the other person. G.S. 14-27.3(a)(1). "By force and against the will of the other person" is defined as notwithstanding her resistance. *State v. Franks*, -- N.C. App. ---, 329 S.E. 2d 717 (1985), *citing State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963). In *Gammons*, the defendant, a preacher, lured the victim into a bedroom in his house by telling her that they must pray together. Defendant's wife was in the house at the time. Defendant laid his hands on the victim's head and started praying; then he pushed the victim on the bed and got on top of her. He told her that she would be healed if he had sexual intercourse with her. Defendant put his hand up the victim's dress and tried to remove her underwear. She started crying and told him "No, I don't believe no such mess as that." When the victim felt defendant's body touch hers, she told him that she would scream. Defendant then got up, unlocked the door and let her go. The court explained that to convict the defendant on the charge of assault with intent to commit rape the State must prove that defendant committed an assault and that he "intended to gratify his passion on the person of the woman, and that he intended to do so, at all events, notwithstanding any resistance on her part." 260 N.C. at 755, 133 S.E. 2d at 651. The court noted that defendant did not threaten to do violence to the victim if she did not yield to his demands and that when she threatened to scream he immediately stopped and released her; this conduct, the court held, was not sufficient to show an intention to overcome the victim's resistance by force in order to have sexual intercourse.

[2]   Similarly, in the instant case, respondent tried to remove the minor female's shorts, and stopped when she simply spread her legs to prevent her shorts from sliding off. When the minor female told him to stop and that her mother would be home soon, respondent got up and left. In our view, this evidence is not sufficient as a matter of law to support the essential finding that

respondent intended to have sexual intercourse with the minor female notwithstanding her resistance. Accordingly, the adjudication order is

Reversed.

Chief Judge HEDRICK and Judge ARNOLD concur.