STATE OF NORTH CAROLINA v. BILL DAVID WALTON

No. 8718SC1036

(Filed 21 June 1988)

**Rape and Allied Offenses § 5; Burglary and Unlawful Breakings § 5.11— felonious breaking and entering—attempted second degree rape—evidence sufficient**

There was sufficient evidence of defendant's intent to engage in vaginal intercourse by force and against the will of the victim to submit charges of felonious breaking and entering and attempted second degree rape to the jury where the State's evidence tended to show that defendant broke into and entered the victim's home twice; made verbal references to an intent to engage in sexual activity; on one occasion got into the victim's bed, kissed her, and held her down; and on another occasion put his hand into her panties. N.C. G.S. § 14-27.3, N.C.G.S. § 14-27.6, N.C.G.S. § 14-54(a).

APPEAL by defendant from *DeRamus, Judson D., Jr., Judge.* Judgment entered 26 June 1987 in GUILFORD County Superior Court. Heard in the Court of Appeals 2 May 1988.

Defendant was indicted 2 March 1987 for the offenses of felonious breaking and entering and attempted second-degree rape pursuant to G.S. §§ 14-54(a) and 27.3. Defendant was convicted of both offenses and sentenced to a total of 20 years imprisonment.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Jane T. Friedensen, for the State.*

*Public Defender's Office, by Assistant Public Defender Frederick G. Lind, for defendant-appellant.*

WELLS, Judge.

This appeal presents the sole question of whether the State presented sufficient evidence of defendant's intent to commit rape in order to have submitted the charges of felonious breaking and entering and attempted second-degree rape to the jury. Having thoroughly reviewed the evidence, we conclude that the trial court did not err in denying defendant's motion to dismiss.

A trial court properly denies a defendant's motion to dismiss made at the close of all the evidence where the State has adduced substantial evidence of each element of the offense and has shown that defendant actually perpetrated the crime. *State v. Earnhardt,* 307 N.C. 62, 296 S.E. 2d 649 (1982). When ruling on a mo-

tion to dismiss, the trial court must view all of the evidence and reasonable inferences derived therefrom in the light most favorable to the State. *State v. Griffin*, 319 N.C. 429, 355 S.E. 2d 474 (1987). In the present case, the evidence viewed in the light most favorable to the State tends to show that:

On the afternoon of 25 December 1985, defendant broke into and entered the home of the complaining witness while she was alone and sleeping in her bedroom. Defendant shook her awake and said, "I think I'll just get in your bed." She then told defendant to "get out" and defendant left through the back door. The complaining witness left the back door unlocked to allow her children access to the house and because having heard defendant leave the house, she believed he bore her no further threat. Defendant again returned later that afternoon and woke the victim by getting on top of her and trying to kiss her. The defendant kept pulling at the victim's robe and saying, "I've been wanting you, and now I'm going to have you." At one point, defendant put his hand in her panties and said, "Here it is, I'm going to eat it." The complaining witness then tried to throw herself off the bed and began screaming. When she told defendant that she could not breathe, defendant allowed her to sit up on the bedside. Defendant did not thereafter attempt to further assault her. Shortly after, the complaining witness led defendant to the back door where she told him to "get out of this house." Defendant replied, "Don't call the police. If you call the police I will have to go to jail. So I might as well just [go] ahead and rape you anyway. . . ." Defendant then left.

To support a conviction for felonious breaking and entering under G.S. § 14-54(a), there must exist substantial evidence of each of the following elements: (1) the breaking or entering, (2) of any building, (3) with the intent to commit any felony or larceny therein. *State v. White*, 84 N.C. App. 299, 352 S.E. 2d 261 (1987); *State v. Litchford*, 78 N.C. App. 722, 338 S.E. 2d 575 (1986). Moreover, there must be a showing that a breaking or entering occurred in a building "with intent to commit a felony or other infamous crime therein" to satisfy the felony requirement of this statute. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965), and the intent proven must be that which was alleged by the State. *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984).

In its indictment, the State alleged that defendant herein broke into and entered the victim's dwelling "with the intent to commit a felony therein, to wit: Rape"; therefore, the State was required to present substantial evidence that defendant intended to commit rape.

On its second charge of attempted second-degree rape, pursuant to G.S. §§ 14-27.3 and 27.6, the State was required to show the existence of an intent on the part of defendant to engage in vaginal intercourse by force and against the will of the victim. *State v. Whitaker*, 316 N.C. 515, 342 S.E. 2d 514 (1986); *State v. Hosey*, 79 N.C. App. 196, 339 S.E. 2d 414 (1986). Citing to our decision in *In re Howett*, 76 N.C. App. 142, 331 S.E. 2d 701 (1985), defendant argues that the State's evidence was not sufficiently substantial on the element of intent to have allowed both charges to prevail over defendant's motion to dismiss. We disagree.

In *Howett*, this Court held that the State had failed to produce sufficient evidence of intent to commit rape required by G.S. §§ 14-27.3 and 27.6 where defendant made no verbal references to sexual activity; the victim's only resistance consisted of struggling and spreading her legs to keep defendant from pulling her shorts down; and when the victim told the defendant to leave, he did so with no objection. However, the decision in *Howett* is inapposite to the present case.

In the case before us, the State's evidence tended to show that defendant broke into and entered the victim's home twice. At first defendant stated, "I think I'll just get into your bed." When defendant next entered the house, he got into the victim's bed, kissed her and held her down while repeating: "I've been wanting you, and now I'm going to have you." Later, defendant put his hand into the victim's panties and said, "Here it is, I'm going to eat it." Finally, defendant admitted to having intended rape when he stated he "might as well [go] ahead and rape you anyway."

The foregoing facts constitute sufficient evidence of defendant's intent to engage in vaginal intercourse by force and against the will of the victim to have allowed the case to go to the jury. Our holding today is supported by decisions in previous cases where defendant's verbal expression of an intent to engage in a sexual activity or references thereto were held to be significant

in finding an intent to commit rape. *See State v. Whitaker, supra; State v. Allen,* 297 N.C. 429, 255 S.E. 2d 362 (1979); *State v. Bradshaw,* 27 N.C. App. 485, 219 S.E. 2d 561 (1975), *disc. rev. denied,* 289 N.C. 299, 222 S.E. 2d 699 (1976); *Cf. State v. Rushing,* 61 N.C. App. 62, 300 S.E. 2d 445, *affirmed,* 308 N.C. 804, 303 S.E. 2d 822 (1983). Accordingly, defendant's first and only briefed assignment of error is overruled and we find

No error.

Chief Judge HEDRICK and Judge COZORT concur.