STATE OF NORTH CAROLINA v. GREGORY WILSON FARMER, DEFENDANT

No. COA99-493

(Filed 16 May 2000)

**1. Venue— motion for change—witnesses afraid—pretrial publicity**

The trial court did not abuse its discretion in a non-capital first-degree murder case by denying defendant's pretrial motion to change venue since defendant failed to meet his burden under N.C.G.S. § 15A-957 of showing that the population of an entire

**STATE v. FARMER**

[138 N.C. App. 127 (2000)]

county was infected with prejudice against him by: (1) providing a broad statement from his investigator that certain unnamed witnesses were afraid to testify for the defense because they feared reprisal from other unnamed parties; and (2) presenting the existence of pretrial publicity, without showing how prospective jurors were tainted by it.

**2. Homicide— first-degree murder—requested instruction— prior threats by victim**

The trial court did not commit plain error in a non-capital first-degree murder case by denying defendant's request for jury instructions on the effect of evidence of threats by the victim against defendant because the trial court: (1) permitted defendant to present evidence that the victim had assaulted defendant in July 1997 and had threatened defendant on two other occasions, even though the latter threat was not communicated to defendant; (2) allowed defendant to present evidence of his theory of self-defense; and (3) instructed the jury that defendant would not be guilty of any murder or voluntary manslaughter if he acted in self-defense, if he was not the aggressor, and if he did not use excessive force under the circumstances.

**3. Homicide— first-degree murder—motion to dismiss—sufficiency of evidence**

Although defendant contends the State failed to present substantial evidence of premeditation and deliberation since the killing of the victim occurred during a quarrel, the trial court did not err by denying defendant's motion to dismiss the charge of first-degree murder because the record reveals that: (1) the victim did not make any statement to defendant before defendant first shot him; and (2) defendant's own statement is that defendant said something to the victim, and defendant subsequently pulled out a gun and began shooting at the victim.

Appeal by defendant from judgment entered 7 January 1999 by Judge G. K. Butterfield, Jr. in Superior Court, Nash County. Heard in the Court of Appeals 27 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas J. Pitman, for the State.*

*David C. Braswell for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Gregory Wilson Farmer ("defendant") was indicted on one charge of murder. Prior to the selection of the jury, defendant filed several pretrial motions including a motion for change of venue pursuant to North Carolina General Statutes section 15A-957, which the trial court denied. Defendant was tried noncapitally for first degree murder.

The evidence at trial tended to show the following. On 14 January 1998, Byron G. Bales ("the victim"), his son Jerry, and his adopted brother, Renwood Pierce, entered Booney's hot dog stand in Rocky Mount, North Carolina to have lunch. They sat at a table in the middle of the restaurant and ordered their meal. Shortly after the victim's party had been seated, defendant entered the front door of the restaurant with his girlfriend, Tracy Starling.

Defendant made a statement to the victim, drew a gun, and shot the victim six times. The victim did not have a weapon and did not make any movement towards defendant, but was attempting to flee when he was fatally wounded by the gunshots. Three of the six shots were fired from a distance of two to four feet and entered the victim's cranial cavity.

Defendant was the ex-brother-in-law of the victim. According to defendant's evidence, the victim was prone to fight, had attacked defendant in July of 1997, and had threatened defendant. Donna Starling, the sister of defendant's girlfriend, testified that the victim, while drunk, told her on 24 December 1997 that he intended to kill defendant. She informed defendant of the threat two days later. A second witness, John Coley, testified that he heard the victim threaten to kill defendant on 14 January 1998, the day the victim was killed. Coley did not inform defendant of the threat prior to the shooting.

Defendant maintained throughout the trial that he acted in self-defense. Following a jury verdict of guilty of first degree murder, defendant was sentenced to life imprisonment without parole. Defendant appeals.

---

On appeal, defendant argues that the trial court erred in: (I) denying defendant's motion to change venue; (II) denying defendant's request for a jury instruction regarding evidence of threats by the victim against defendant; and (III) denying defendant's motion to dismiss.

**[1]** By his first assignment of error, defendant argues that the trial court erred in denying defendant's pretrial motion to change venue because the totality of the circumstances showed there was such a probability that prejudice would result that defendant would be denied due process. We cannot agree.

North Carolina General Statutes section 15A-957 provides in pertinent part:

> If, upon motion of the defendant, the court determines that there exists in the county in which the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial, the court must either:
>
> (1) Transfer the proceeding to another county in the prosecutorial district as defined in G.S. 7A-60 or to another county in an adjoining prosecutorial district as defined in G.S. 7A-60, or
>
> (2) Order a special venire under the terms of G.S. 15A-958.

N.C. Gen. Stat. § 15A-957 (1999).

"The burden of proof in a hearing on a motion for change of venue due to existing prejudice in the county in which a prosecution is pending is upon the defendant." *State v. Madric*, 328 N.C. 223, 226, 400 S.E.2d 31, 33 (1991). The defendant must demonstrate that there is a reasonable likelihood he will not receive a fair trial as a result of such prejudice. *Id.* Even where the defendant cannot show specific, identifiable prejudice, he can fulfill his burden by demonstrating that, based on the totality of the circumstances, the population of an entire county is "infected" with prejudice against him. *State v. Billings*, 348 N.C. 169, 177, 500 S.E.2d 423, 428, *cert. denied*, 525 U.S. 1005, 142 L. Ed. 2d 431 (1998).

The determination of whether the defendant has carried his burden rests within the sound discretion of the trial court, and will not be disturbed on appeal absent a showing of abuse of discretion. *Madric*, 328 N.C. at 226-27, 400 S.E.2d at 33-34. Abuse of discretion occurs where the ruling of the trial court is manifestly unsupported by reason such that it could not have been the result of a reasoned decision. *State v. Wooten*, 344 N.C. 316, 474 S.E.2d 360 (1996).

In the present case, defendant's motion was made before the jury was selected and impaneled and was not subsequently renewed. Our Supreme Court has held that "[o]nly in the most extraordinary cases

can an appellate court determine *solely* upon evidence adduced prior to the actual commencement of jury selection that a trial court has abused its discretion by denying a motion for change of venue due to existing prejudice against the defendant." *Madric*, 328 N.C. at 227, 400 S.E.2d at 34. Therefore, we will not disturb the ruling of the trial court unless we find that a change of venue was compelled by extraordinary circumstances.

In his motion for change of venue, defendant relied on two arguments. First, defendant contended that "the removal of this case to another county [was] essential to the defense's case to alleviate defense witnesses' fear of reprisal[.]" In support of this argument, defendant offered the affidavit of his court-appointed investigator, which stated in pertinent part: "While investigating this case, I have interviewed essential defense witnesses who have expressed their fear in testifying for the defense because of circulated intimidating threats." Defendant provided no additional evidence at his motion hearing. After considering defendant's argument, the trial court stated: "Number one under his motion for change of venue about the fear of reprisal, there still will be fear of reprisal no matter where we try the case. That's irrelevant, I think, in this particular situation."

We do not believe that defendant met his burden of showing that the population of an entire county was infected with prejudice against him by providing a broad statement from his investigator that certain unnamed witnesses were afraid to testify for the defense because they feared reprisal from other unnamed parties. Furthermore, our examination of defendant's first argument does not reveal that the trial court's ruling was unsupported by reason as the trial court logically reasoned that a change of venue would not eradicate any fear of reprisal.

In his second argument in support of his motion for change of venue, defendant contended that he was prejudiced by pretrial publicity:

> [N]umerous newspaper and media articles have been circulated throughout the Nash and Edgecombe Counties publicizing the facts surrounding the death of [the victim]; . . . that said media publicity is inflammatory and it is reasonably likely that prospective jurors would base their decision in the case upon pre-trial information rather than evidence presented at trial and would be unable to remove from their minds any preconceived impressions they might have formed.

We note that juror exposure to news accounts of the crime with which the defendant is charged does not in and of itself deprive the defendant of due process. *Billings*, 348 N.C. at 179, 500 S.E.2d at 429. "We have consistently held that factual news accounts with respect to the commission of a crime and the pretrial proceedings relating to that crime do not of themselves warrant a change of venue." *Id.* The defendant bears the burden of establishing a reasonable likelihood that prospective jurors would rely on pretrial publicity rather than on the evidence presented at trial. *State v. Trull*, 349 N.C. 428, 439, 509 S.E.2d 178, 186 (1998), *cert. denied*, 528 U.S. 835, 145 L. Ed. 2d 80 (1999).

The trial court considered defendant's second argument and responded as follows:

I don't believe that it's that well publicized. It happened a year ago, . . . it was publicized at that point, then on Sunday the newspaper article that you see there was run by the Telegram as they always do for some reason before the murder trial starts. But I don't think that it will inhibit our ability to get twelve fair and impartial jurors in this particular situation.

We hold that defendant failed to meet his burden of showing that prospective jurors were tainted by pretrial information. We note that defendant did not exhaust his peremptory challenges during the selection of the jury. In light of the fact that the residents of Nash County have a recognized interest in having the defendant tried locally, *State v. Vereen*, 312 N.C. 499, 511, 324 S.E.2d 250, 258 (1985), we conclude that the trial court did not abuse its discretion in denying defendant's motion for change of venue.

[2] By his second assignment of error, defendant argues that the trial court committed plain error by denying defendant's request for jury instructions on the effect of evidence of threats by the victim against defendant on the ground the denial of the requested instructions prevented the jury from finding the deceased was the aggressor in the fatal confrontation. We cannot agree.

Defendant failed to object at trial to the omission of the requested jury instruction. According to our rules of appellate procedure, a defendant waives his right to assign error to the omission of a jury instruction where he does not object to such omission before the jury retires to deliberate. N.C.R. App. 10(b)(2).

However, defendant argues that the omission of his requested instruction is reviewable by this Court in that it constituted plain error. Plain error is "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused." *State v. Robinson*, 346 N.C. 586, 603, 488 S.E.2d 174, 185 (1997) (citations omitted). "To constitute plain error, an instructional error must be so fundamental that it denied the defendant a fair trial and quite probably tilted the scales against him." *State v. Flowers*, 347 N.C. 1, 22, 489 S.E.2d 391, 403 (1997) (citations omitted). On appeal, defendant must show that substantial evidence supported the omitted instruction and that the instruction was correct as a matter of law. *State v. Thompson*, 118 N.C. App. 33, 454 S.E.2d 271, *disc. review denied*, 340 N.C. 262, 456 S.E.2d 837 (1995).

Defendant made a motion that the following proffered instruction be submitted to the jurors:

Evidence has been received with regard to threats made by [the victim] against [defendant]. The law recognizes that a person who has threatened another person is more likely to be the aggressor if the persons involved are later involved in a fight. Therefore, if you believe from the evidence that [the victim] threatened [defendant], you may consider this fact in your determination of who was the aggressor in the confrontation between [the victim] and [defendant] and give it such weight as you decide it should receive in connection with all of the evidence. Further, if you find that [defendant] knew of these threats, you may consider this fact in your determination of whether [defendant] had a reasonable apprehension of death or bodily harm or both when he encountered [the victim] and give it such weight as you decide in connection with all of the other evidence.

The trial court denied the motion, stating, "I'm not going to charge the jury on this point but I will permit you to argue that case to the jury. You may, as you see fit, argue the law as you understand it to be, to the jury."

In support of his motion and in his brief, defendant argues that *State v. Ransome*, 342 N.C. 847, 467 S.E.2d 404 (1996) controls in the case at bar. *Ransome* is distinguishable from the instant case in that it did not address the issue of jury instruction. Rather, our Supreme Court held in *Ransome* that the trial court erred in excluding evidence of statements by the victims that they intended to "get" the

defendant which were not communicated to the defendant. In the present case, the trial court permitted defendant to present evidence that the victim had assaulted defendant in July of 1997 and had threatened defendant on 24 December 1997 and on 14 January 1998, although the latter threat was not communicated to defendant.

The trial court granted defendant latitude to present evidence in support of his theory of self-defense and defendant does not argue otherwise. Furthermore, the trial court instructed the jury on that theory, defining the term "self-defense" and concluding, "The defendant would not be guilty of any murder or voluntary manslaughter if he acted in self-defense as I have just defined it to be, and if he was not the aggressor in bringing on the fight and did not use excessive force under the circumstances."

Defendant failed to cite any authority in support of his argument that his proffered instruction was required or correct at law. We conclude that the trial court adequately instructed the jury and did not commit plain error in denying defendant's request for jury instructions on the effect of evidence of threats by the victim against defendant.

[3] By his third assignment of error, defendant argues that the trial court erred in denying defendant's motion to dismiss at the close of the State's evidence for insufficiency of the evidence. We cannot agree.

"A defendant's motion to dismiss must be denied if the evidence considered in the light most favorable to the State permits a rational jury to find beyond a reasonable doubt the existence of each element of the charged crime and that defendant was the perpetrator." *Trull,* 349 N.C. at 447, 509 S.E.2d at 191. The State must present substantial evidence of each element of the offense. *State v. Walton,* 90 N.C. App. 532, 369 S.E.2d 101 (1988).

First degree murder is the "intentional and unlawful killing of a human being with malice and with premeditation and deliberation." *Trull,* 349 N.C. at 448, 509 S.E.2d at 191. An act is premeditated if it was thought over beforehand, but no particular length of time is required and the time can be quite short. *State v. Taylor,* 344 N.C. 31, 45, 473 S.E.2d 596, 604 (1996). Deliberation is the "intent to kill formed by defendant in a cool state of blood, and not as a result of a violent passion arising from legally sufficient provocation." *Id.* (citations omitted).

In the instant case, defendant argues that the State failed to present substantial evidence of premeditation and deliberation. Instead, defendant contends that the killing occurred during the course of a quarrel, and that the evidence does not support a finding that he formed the specific intent to kill in a cool state of blood before the quarrel. In support of his argument, defendant states in his brief that "all of the evidence showed that the shooting did not occur until after the defendant engaged in a verbal exchange with [the victim] in the Booney's restaurant." However, the record indicates that the victim did not make any statement to defendant before defendant first shot him. According to defendant's own statement of the facts: "The defendant said something to [the victim] and subsequently pulled out a gun and began shooting at [the victim]." As such, defendant's characterization that the shooting arose out of a "verbal exchange" is not fairly supported by the facts. We find defendant's argument that the trial court erred in failing to grant his motion to dismiss is without merit.

For the reasons stated herein, we find that defendant received a trial, free from prejudicial error.

No error.

Chief Judge EAGLES and Judge HUNTER concur.