STATE OF NORTH CAROLINA v. FRED YOUNG, III

No. 8216SC470

(Filed 15 February 1983)

1. Criminal Law § 43.1— mug shot photographs of defendant—admissibility
   Two police department "mug shot" photographs of defendant were properly admitted to illustrate testimony relating to defendant's identity where police information on the photographs was covered over by a piece of masking tape before the photographs were received into evidence and viewed by the jury.

2. **Criminal Law § 86.1— failure to subpoena witness—cross-examination admissible to impeach defendant**

   In a prosecution for breaking or entering and larceny in which the State's evidence showed that defendant sold items of the stolen property to two pawn shops, cross-examination of defendant about his failure to subpoena a person from whom he testified that he bought the stolen property was admissible for the purpose of impeaching defendant's testimony.

3. **Larceny § 7.3— ownership alleged in husband—proof of ownership in wife— joint possession—no fatal variance**

   There was no fatal variance between a larceny indictment alleging ownership of the stolen property in a husband and evidence that the stolen items were owned by his wife where the evidence showed that the husband and wife had joint possession of the property in a home which they maintained together, since such joint possession gave the husband a sufficient special property interest in the stolen property to support the allegation of ownership contained in the indictment.

4. **Burglary and Unlawful Breakings § 5.5— felonious breaking or entering—intent to commit larceny—occupancy of building—ownership of property—proof that defendant was at building**

   In a prosecution for breaking or entering with intent to commit larceny, it was not incumbent upon the State to prove the occupancy of the building or the ownership of the property which defendant intended to steal. Furthermore, it was not necessary for the State's evidence to place defendant at the building which was broken into and entered where the evidence was sufficient to be submitted to the jury on the theory of defendant's possession of recently stolen property.

APPEAL by defendant from *Britt, Judge.* Judgment entered 8 December 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 8 November 1982.

The State's evidence tended to show that on 16 April 1981 the home of Douglas P. Murray and Gertie B. Murray in Lumberton was broken into and personal property taken therefrom. Entry was gained through a sliding glass door. No one was given permission to enter and remove the property. Mrs. Murray testified that the fair market value of the items taken was between $9,000 and $10,000. Later, after being contacted by law enforcement officials, she identified some of the jewelry at the Plaza and Second Street Pawn Shops in Lumberton as belonging to her. Judy Lawson, operator of Second Street Pawn Shop, testified that on 16 April 1981 defendant sold her three rings. Bob Stogner, operator of Plaza Pawn Shop, testified that on 20 and 21 April 1981 defendant sold to him several items of jewelry. Both

pawn shop operators testified that defendant was a regular customer and they had written records of their transacting with him. The rings and jewelry sold to the pawn shops were identified by Mrs. Murray as her property. Police Detective Robert A. Grice testified he showed two of defendant's photographs to the pawn shop operators and they were able to identify defendant from the photographs. Over objection, these photographs were shown to the jury.

Defendant testified that although he sold the jewelry to the pawn shops, he did not steal it and did not know that it was stolen property. Defendant testified further that he bought the jewelry from a man named Ronald Hunt, that he gave a description of Hunt to the police and asked them to locate Hunt for him.

Defendant was convicted of felonious breaking and entering and felonious larceny. Judgment was entered and an active prison term imposed. From the judgment and sentence, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Robert F. Floyd, Jr., for defendant appellant.*

JOHNSON, Judge.

Defendant presents four assignments of error on appeal: (1) the trial court erred in admitting into evidence, over defendant's objection, two mug shot photographs of defendant; (2) the trial court erred in allowing the State to cross-examine defendant concerning his failure to subpoena a witness; (3) the trial court erred in failing to dismiss the charge of felonious larceny where there was a fatal variance between indictment and proof; and (4) the trial court erred in failing to dismiss the charge of felonious breaking and entering where the State's evidence failed (a) to show that the building was occupied, (b) to establish ownership of the property, subject of the intended larceny and (c) to place defendant at the building which was broken into and entered.

[1] By his first assignment of error defendant argues that the photographs admitted into evidence are irrelevant and highly prejudicial because they were "mug shot" photographs of the defendant.

Officer Robert A. Grice testified that sometime after 16 April 1981, he carried two photographs of defendant to the Second Street and Plaza Pawn Shops, "to attempt to get a subject identified." That he exhibited the photographs to Bob Stogner and Judy Lawson, but did not identify the photographs nor the case he was investigating to them. Stogner and Lawson immediately identified the photographs as those of the defendant and they both identified defendant by name.

Originally each photograph bore a nameplate, identification number, charge number, date and the inscription "Newburg Town Police Department." This information on the photographs was covered over by a piece of masking tape before the photographs were received into evidence and viewed by the jury for the purpose of illustrating the testimony of the witness.

The issue defendant raises is whether the "mug shot" photographs in which police information has been covered over were properly admitted into evidence. This exact question was answered by the Supreme Court in *State v. Hatcher*, 277 N.C. 380, 177 S.E. 2d 892 (1970). In *Hatcher*, the trial court allowed into evidence a police department "mug shot" photograph of the defendant where the inscription "Greensboro Police Department —11/67" was deleted. The photograph was offered and received to illustrate testimony of a witness regarding the question of defendant's identity. The Supreme Court held that where the name of the police department and date were first deleted, use of a mug shot will not connect a defendant with previous criminal offenses in the minds of the jurors and the photograph of defendant was therefore properly admitted for illustrative purposes on the question of identity. *See also State v. Patton*, 45 N.C. App. 676, 263 S.E. 2d 796 (1980). The record indicates that the police information on defendant's mug shots was sufficiently covered over so as to avoid prejudicing the jury. Therefore, defendant's assignment of error is without merit.

[2] Defendant next contends the trial court erred by allowing the State to cross-examine him about his failure to subpoena a witness. The evidence shows that on 16 April 1981 the Murray's house was broken into and personal property taken. On the same day, defendant sold several of the stolen items to the Plaza Pawn Shop and on 20 April 1981, defendant sold several more of the

stolen items to the Second Street Pawn Shop. Defendant testified in his own behalf and admitted that he sold those items to the two pawn shops but denied that he stole them or knew that they were stolen; stating that he purchased the items from a Ronald Hunt who lived in Fairmont. Over defendant's objection, the State asked defendant, "Did you ever cause a subpoena to be issued for him [Ronald Hunt]?" Defendant answered, "No, I didn't."

When a defendant testifies as a witness, he occupies the same position as any other witness and is equally liable to be impeached or discredited. *State v. Sheffield*, 251 N.C. 309, 111 S.E. 2d 195 (1959). In *State v. Carver*, 286 N.C. 179, 209 S.E. 2d 785 (1974) the defendant testified in his own behalf that he shot the deceased in self-defense, that Roy Paylor and William Pointer were present when the shooting occurred, and that after the shooting occurred a crowd approached the defendant. Defendant did not subpoena any people from the "crowd" and in particular failed to subpoena Roy Paylor and William Pointer. Other than himself, the only witnesses to the shooting offered by the defendant were his half brother and a friend who apparently helped to precipitate the altercation. On cross-examination and over objection, the defendant was asked if he ever made any effort to find any witnesses, other than his half brother and friend, who could verify his contention. The defendant replied that he contacted Roy Paylor and William Pointer. The defendant was then asked if he had subpoenaed them to come to court, and he answered, "no, I had not." The Supreme Court held that this cross-examination was properly allowed as tending to impeach defendant's testimony. 286 N.C. at 182, 209 S.E. 2d at 787. Under the rule of *Carver*, cross-examination regarding defendant's failure to subpoena the two witnesses was properly allowed.

[3] Next, defendant contends that there was fatal variance between indictment and proof as to the charge of felonious larceny and, therefore, the trial court should have dismissed this charge. The indictment alleges *inter alia* that "1 Pioneer stereo amplifier, 1 Sylvania stereo amplifier, two S and W.32 caliber blue steel handguns, 1 white gold necklace . . . 1 cultured pearl necklace, 1 set cultured pearl earrings, 1 14 karat gold charm bracelet . . . 1 fraternity pin with initials D.P.M., 1 gold necklace with 8 pearls, 1 white gold necklace with two gold beads and 1 jade bead, 1 14 karat gold man's diamond ring, 1 sterling silver charm bracelet, 1

14 karat gold man's watch . . . 1 black broach . . . 1 set sterling earrings with initials G.B.M., 1 set gold earrings with initials G.B.M., 1 Timex watch, 1 14 karat gold ruby necklace . . . 4 or 5 karat gold chains, an assortment of miscellaneous costume jewelry . . . the personal property of Douglas P. Murray" were stolen by defendant. Defendant argues that all of the evidence produced at trial indicates that the property taken and retrieved by the police belonged to Gertie Murray and, therefore, a fatal variance exists between indictment and proof. However, defendant concedes that if Douglas Murray, the owner named in the indictment, had a general or special interest in the property no fatal variance would exist.

Douglas Murray did not testify in this case. Gertie Murray's testimony corroborates the allegations of the indictment as to the named items of property taken. She testified further that she was able to identify her jewelry at the pawn shops and that she and her husband, Douglas Murray, live together in their house with their family.

In *State v. Greene*, 289 N.C. 578, 584, 223 S.E. 2d 365, 369 (1976) the Supreme Court stated "the general law has been that the indictment in a larceny case must allege a person who has a property interest in the property stolen and that the State must prove that the person has ownership, meaning title to the property or some special property interest."

The State argues there is no fatal variance between allegation and proof; that the evidence shows that the property was maintained by Douglas and Gertie Murray, husband and wife, in their home where they live together; therefore, Douglas and Gertie Murray had joint possession of the property, thereby giving Douglas Murray a sufficient special property interest in the stolen property to support the allegation of ownership contained in the indictment.

An allegation of ownership in a husband is supported by proof that the things stolen, although constituting a part of his wife's separate estate, were in the joint possession of the husband and wife, as where they were taken from the residence in which she lived with him. In such a case the husband's possessory interest is the equivalent of a special property interest. *State v.*

*Hauser*, 183 N.C. 769, 111 S.E. 349 (1922); *accord State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977).

It is clear from the record that the property was taken from Douglas and Gertie Murray's joint possession as it was stolen from the house in which they, as husband and wife, lived together. Douglas Murray had, at the very least, a "special property interest" in the stolen items sufficient to support the allegation of ownership contained in the indictment. Therefore, no fatal variance existed between allegation and proof and defendant's assignment of error is without merit.

[4] Defendant's last contention is that the felonious breaking and entering charge should have been dismissed because the State failed to prove that the building was occupied by Douglas P. Murray; failed to prove the ownership of the property, subject of the intended larceny at the time of the breaking and entering; and failed to prove that defendant was at the Murray's residence.

Defendant's argument is without merit. Occupancy is not an element of either of the offenses of which defendant was convicted, G.S. 14-54 and G.S. 14-72. In the prosecution for feloniously breaking and entering it was incumbent upon the State to establish, at the time the defendant broke and entered, that he intended to steal something. However, it was not incumbent upon the State to establish ownership of the property which he intended to steal, the particular ownership being immaterial. *State v. Crawford*, 3 N.C. App. 337, 164 S.E. 2d 625 (1968). In addition, defendant entirely overlooks the theory upon which the State relies, the doctrine of recent possession, to prove defendant's guilt of the breaking and entering. It is well established that where there is evidence that a building has been broken into and entered and the property in question has thereby been stolen, the possession of such stolen property recently after the larceny raises the presumption that the possessor is guilty of the larceny and also of the breaking and entering. *State v. Black*, 14 N.C. App. 373, 188 S.E. 2d 634 (1972). The State's evidence was sufficient to be submitted to the jury on issues of defendant's guilt of felonious breaking and entering and felonious larceny on the theory of defendant's possession of recently stolen property. The charge of the trial court not being included in the record, it is presumed that such proper instructions were given.

In defendant's trial we find

No error.

Judges ARNOLD and HILL concur.