STATE OF NORTH CAROLINA v. WINSTON EUGENE WHITE

No. 8626SC843

(Filed 3 February 1987)

1. **Burglary and Unlawful Breakings § 6.2— breaking or entering—larcenous intent—evidence sufficient**

   In a prosecution for felonious breaking or entering, there was evidence of larcenous intent in the statement of defendant's housemate to the district attorney in his office, which she later contradicted, that defendant had told her that he and another man had gone to the victim's house thinking it was the home of a drug dealer and intending to rob that drug dealer. Furthermore, intent to commit larceny could be inferred from the circumstances surrounding the breaking or entering even without the statement.

2. **Criminal Law § 168.1; Constitutional Law § 28— breaking or entering—trial judge—reversal of prior decision on degree of offense to submit—no error**

   There was no due process violation in a prosecution for breaking or entering where the trial judge reversed his prior decision to submit misdemeanor breaking or entering and submitted felonious breaking or entering.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 14 March 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 January 1987.

Defendant was charged in two separate bills of indictment with robbery with a dangerous weapon and felonious breaking and entering. The indictment for felonious breaking and entering stated that defendant did break and enter a building occupied by Robert Parler with the intent to commit larceny therein.

The State's evidence tended to show the following:

On 19 May 1985, Robert Parler answered a knock at his front door. He saw a man standing at the door holding a newspaper, and he noticed a car in his driveway with an individual sitting on the passenger's side. Parler told the man, who was later identified as Charles Adams, that the paper did not belong to him but that he would take it anyway. When Parler opened the screen door, Adams revealed a pistol under the paper and forced his way into the house. Parler grabbed the gun and it fired. Parler and his wife wrestled with Adams and subdued him in the hallway. During the course of the struggle, Mr. Parler was shot. Mr. Parler took Adams' pistol and told his wife to call the police.

At that time, defendant entered the house carrying a sawed-off shotgun. Mrs. Parler screamed and Mr. Parler shot defendant. Defendant fell back through the front door, ran to the car and drove off.

Kimberly Tipton, a neighbor, saw defendant get into the car with the shotgun and drive away. She gave the license tag number of the car to the police. The police traced the vehicle to Betty Carolyn Blackwell and went to her house where they found the defendant bleeding and sitting at a table. Blackwell and another individual were also present.

Blackwell testified that she lived with Adams. She also testified that when she asked defendant where Adams was, defendant said, "it went bad." She further testified that she had previously informed the district attorney that defendant told her that he and Adams intended to rob the Parlers' home because they thought it was the home of a drug dealer. However, she stated that she was mistaken when she made that statement.

At the close of the State's evidence, the trial judge informed the district attorney that he would submit misdemeanor breaking and entering instead of felonious breaking and entering. Defendant presented no evidence.

After researching the matter further, the trial judge informed the district attorney and defense counsel that he would submit felonious breaking and entering, and he withdrew his previous ruling as improvidently entered. In his charge to the jury, the trial judge submitted both assault with a deadly weapon

and felonious breaking and entering on the theory that defendant aided and abetted Adams.

Defendant was convicted of assault with a deadly weapon and felonious breaking and entering. He was sentenced to consecutive terms of two years and ten years respectively.

From the judgment imposing sentence, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*Barnes & Tomberlin, by Richard H. Tomberlin, for defendant appellant.*

ARNOLD, Judge.

[1] The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein. *State v. Litchford*, 78 N.C. App. 722, 338 S.E. 2d 575 (1986). Defendant contends that there is no evidence of a larcenous intent on the part of himself or Adams. We do not agree.

During the cross-examination of Blackwell, the district attorney asked, "Did you tell me last Friday in my office that at the hospital when you visited Winston White that he told you that he and Charles Adams went to the Parlers' home on Logie Avenue thinking that it was the home of a drug dealer intending to rob that drug dealer?" Blackwell responded, "yes, I did."

This testimony is sufficient evidence of intent to commit larceny even though the witness later contradicted her statement.

Even without Blackwell's testimony, the intent to commit larceny in this case can be inferred from the circumstances surrounding the breaking and entering. *Cf. State v. Avery*, 48 N.C. App. 675, 269 S.E. 2d 708 (1980); *State v. Quilliams*, 55 N.C. App. 349, 285 S.E. 2d 617 (1982). Therefore, we hold that the evidence sufficiently satisfied the intent requirement of the offense.

[2] Defendant also contends that his due process rights were violated when the trial judge reversed his prior ruling and submitted the charge of felonious breaking and entering to the jury. We are not persuaded by this argument.

A superior court judge has little opportunity for prolonged deliberation upon many matters involving competency of evidence, legal principles and inferences of law which arise during a trial. He must, of necessity, make immediate rulings on the questions before him in order that trials may progress with reasonable celerity. To hold that he could not in the interest of justice change, modify or reverse a ruling during the progress of a trial and, in proper cases, during term, would be to require infallibility. As was said by one of the Justices when this case was argued in this Court, to hold a superior court judge to such a standard would be tantamount to placing him in a straightjacket.

*Hollingsworth GMC Trucks, Inc. v. Smith*, 249 N.C. 764, 768, 107 S.E. 2d 746, 749-50 (1959).

The rationale of *Hollingsworth GMC Trucks* is applicable to the present case where the trial judge changed his initial ruling after researching the law on felonious breaking and entering. We hold that no due process violation occurred when the trial court reversed its prior ruling and submitted the charge of felonious breaking and entering to the jury.

No error.

Judges PHILLIPS and ORR concur.