STATE OF NORTH CAROLINA, Plaintiff v. JAMES ELVIN TOLLISON, Defendant

No. COA07-1125

(Filed 20 May 2008)

**1. Indictment and Information— kidnapping—age of victim— variance not fatal**

A variance in a kidnapping indictment was not fatal where the indictment erroneously alleged that the victim was 16 years old. The defendant was aware that he was being charged with first-degree kidnapping, defendant was in no danger of double. jeopardy, defendant was able to prepare for trial in that he had lived with the victim and was aware of her age, and the trial court was able to properly sentence defendant.

**2. Appeal and Error— preservation of issues—different argument below—not considered**

Defendant waived his right to appellate review on the issue of consent in a kidnapping prosecution where he only argued below the issue of restraint and double jeopardy.

**3. Appeal and Error— preservation of issues—failure to object—plain error not pled—issue not considered**

Defendant waived appellate review of the admission of alleged prior acts where he did not object at trial and failed to plead plain error.

**4. Kidnapping— variance concerning age of victim— instructions**

There was no plain error in the instructions in a kidnapping prosecution where defendant contended that there was a variance concerning the age of the victim.

Appeal by defendant from judgments entered on or about 16 November 2006 by Judge Ronald E. Spivey in Superior Court, Guilford County. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Haral E. Carlin, for defendant-appellant.*

STROUD, Judge.

Defendant was convicted by a jury of two counts of first degree kidnapping and two counts of indecent liberties with a child. Defendant appeals. The issues before this Court on appeal are whether the trial court committed reversible error in (1) denying defendant's motion to dismiss at the close of the State's evidence, (2) denying defendant's motion in limine regarding the incidents which occurred in Lumberton, North Carolina, and (3) instructing the jury on the charge of first-degree kidnapping. For the following reasons, we conclude the defendant received a fair trial, free from reversible error.

## I. Background

The State's evidence tended to show the following: Kim[1] was born on 13 November 1989. Kim lived with her grandmother, who had legally adopted her, her siblings, and defendant, her grandmother's husband. Kim's relationship with defendant was good until she turned around twelve or thirteen. During the summer of 2002, defendant told Kim it was okay to kiss him, and kissed her "try[ing] to stick his tongue in [her] mouth." Kim pulled away. Defendant asked Kim if she had ever seen or touched a penis before to which she responded, "[N]o." Defendant then pulled out his penis and forced Kim to touch it, "rubbing up and down." Defendant told Kim, "[D]on't tell anybody or I'll deny it." Kim struggled to get away and then proceeded to the living room where defendant made her "lay with him on the couch" and put[] his hand down [her] shirt."

During February of 2003, Kim's grandmother had surgery and arranged for Kim and her sister to stay somewhere else. Defendant brought Kim and her sister back home while Kim's grandmother was still in the hospital. Kim was asleep in the living room when defendant took her back to his bedroom and told her to take off all of her clothes so that he could give her a "massage[.]" Defendant rubbed lotion all over Kim's body including her breasts, legs, back, and buttocks. Kim told defendant to stop, and after the massage defendant had Kim put her clothes back on and "hogtied" her by tying her feet and hands behind her back and placing a sock in her mouth.

Later that same day, defendant also told Kim to clean the bathroom door and then barred the door, lifted up her shirt, and touched

---

1. In order to protect the identity of the victim, we will refer to her by the pseudonym "Kim."

her breasts. Kim's brother walked in; defendant told him to leave and closed the door. Defendant then pulled off Kim's pants and stuck his penis between her legs. Kim cried and asked defendant to stop and saw "white stuff" come out of defendant's penis. Defendant told Kim not to tell anyone, to clean herself off, and forced her to get in the shower.

On 27 February 2003, defendant got Kim out of her bed at approximately 5:30 a.m. and carried her to the bathroom. Defendant again pulled Kim's pants down and "stuck his penis between [her] legs" and told her to stop crying. Again, Kim saw "white stuff" come out of defendant's penis. Defendant wiped himself off with a towel and so did Kim. Defendant carried Kim naked back to bed. That day Kim told her Aunt Cherie what defendant had been doing to her. Kim was taken to the hospital, and later defendant's semen was found on Kim's pants.

On or about 19 May 2003, defendant was indicted on two counts of first degree kidnapping and two counts of indecent liberties with a child based on the February 2003 incidents. On or about 22 August 2006, defendant filed a motion in limine "to prohibit the State . . . from making any reference to an uncharged alleged Indecent Liberties incident in Lumberton, North Carolina between the defendant and the 'victim.' " Trial began on 7 November 2006, and on or about 9 November 2006, defendant was convicted by a jury of two counts of first degree kidnapping and two counts of indecent liberties with a child. The trial judge determined that defendant had a prior record level of three, and on or about 16 November 2006 sentenced defendant consecutively for 110 to 141 months for each of his first degree kidnapping convictions. The trial judge arrested judgment on defendant's two convictions of indecent liberties with a child. Defendant appeals.

The issues before this Court on appeal are whether the trial court committed reversible error in (1) denying defendant's motion to dismiss at the close of the State's evidence, (2) denying defendant's motion in limine regarding the incidents which occurred in Lumberton, North Carolina, and (3) instructing the jury on the charge of first-degree kidnapping.

## II. Motion to Dismiss

Defendant first argues

the court committed reversible error in denying the defendant's motion to dismiss the charge made at the end of the State's

evidence where the evidence was insufficient to convince the trier of fact of the defendant's guilt to the charge of first-degree kidnapping beyond a reasonable doubt in violation of N.C.G.S. § 15A-1227, the 14th Amendment to the United States Constitution and Article 1, Sections 19, 23 and 27 of the North Carolina Constitution.

Specifically defendant claims the trial court erred in denying his motion to dismiss because (1) there was "[a] fatal variance . . . between the evidence presented at trial and the charge alleged in the indictment[,]" and (2) "the State failed to present sufficient evidence on element number two, that the person had not reached her 16th birthday and her parent or guardian did not consent to this restraint." For the following reasons, we disagree.

A. Indictment

[1] Defendant failed to make a motion to dismiss based on the alleged deficiencies in the indictment; however, "when an indictment is alleged to be facially invalid, thereby depriving the trial court of its jurisdiction, it may be challenged at any time, notwithstanding a defendant's failure to contest its validity in the trial court." *State v. Call*, 353 N.C. 400, 429, 545 S.E.2d 190, 208, *cert. denied*, 534 U.S. 1046, 151 L. Ed. 2d 548 (2001).

Defendant's indictments as to the two charges of first degree kidnapping read,

> The jurors for the State upon their oath present that on or about February 23, 2003 [and February 27, 2003] and in Guilford County, the defendant named above unlawfully, willfully, and feloniously did kidnap [Kim] . . ., a person who had attained the age of sixteen (16) years, by unlawfully restraining the victim, without the consent of the victim's parent or legal guardian, and for the purpose of facilitating the commission of a felony, Indecent Liberties with a Child. [Kim] . . . was sexually assaulted.

However, it is uncontested that at the time of the 23 and 27 February 2003 incidents Kim had *not* yet reached the age of 16. Kim's date of birth is 13 November 1989, and thus she did not reach the age of sixteen until 13 November 2005.

> An indictment . . . is a written accusation of a crime drawn up by the public prosecuting attorney and submitted to the grand jury, and by them found and presented on oath or affirmation as a true bill. To be sufficient under our Constitution, an indictment must

allege lucidly and accurately all the essential elements of the offense endeavored to be charged.

The purpose of such constitutional provisions is: (1) such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court . . . to pronounce sentence according to the rights of the case.

Early common law required that indictments allege every element of the crime for which a defendant was charged, the manner in which the crime was carried out, and the means employed.

. . . .

. N.C.G.S. § 15-153 [now] provides in substance, that an indictment is sufficient if it expresses the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment.

*State v. Hunt*, 357 N.C. 257, 267-68, 582 S.E.2d 593, 600-01 (internal citations, internal quotation marks, ellipses, and brackets omitted), *cert denied*, 539 U.S. 985, 156 L. Ed. 2d 702 (2003); *see* N.C. Gen. Stat. § 15-153 (2003).

In order for a variance in an indictment to warrant reversal, the variance must be material. A variance is not material, and is therefore not fatal, if it does not involve an essential element of the crime charged.

*State v. Jones*, 188 N.C. App. 562, 565, 655 S.E.2d 915, 917 (2008) (internal citations, internal quotation marks, and brackets omitted). N.C. Gen. Stat. § 14-39 reads in pertinent part:

(a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

. . . .

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony[.]

. . . .

(b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped either was not released by the defendant in a safe place or had been seriously injured or sexually assaulted, the offense is kidnapping in the first degree and is punishable as a Class C felony.

N.C. Gen. Stat. § 14-39(a)(2), (b) (2003). Our Supreme Court has determined that

the victim's age is not an essential element of the crime of kidnapping itself, but it is, instead, a factor which relates to the state's burden of proof in regard to consent. If the victim is shown to be under sixteen, the state has the burden of showing that he or she was unlawfully confined, restrained, or removed from one place to another without the consent of a parent or legal guardian.

*State v. Hunter*, 299 N.C. 29, 40, 261 S.E.2d 189, 196 (1980).

We believe the purposes of an indictment, to

(1) . . . identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court . . . to pronounce sentence according to the rights of the case[,]

*Hunt* at 267, 582 S.E.2d at 600, were met here as (1) defendant was aware he was being charged with first-degree kidnapping; (2) defendant was in no danger of "being twice put in jeopardy for the same offense[;]" (3) defendant was able to "prepare for trial" as he knew the offenses he had been charged with and had lived with Kim and was aware of her uncontested age; and (4) the trial court was able to sentence defendant properly pursuant to his convictions. Furthermore, a victim's age is not an essential element of first-degree kidnapping, *see Hunter* at 40, 261 S.E.2d at 196, and therefore the variance in the indictment was not fatal. *See Jones* at 565, 655 S.E.2d at 917.

B. Consent to Restraint

[2] Defendant's argument that there was insufficient evidence that Kim's guardian did not consent to the restraint is not properly be-

fore this Court. At the close of evidence defendant's attorney made a motion to dismiss the charges and the following dialogue took place:

> THE COURT: All right. Outside the presence of the jury are there any motions at the end of all the evidence from the defense?
>
> MS. BAILEY: Yes, Your Honor. I'd like to make a motion to dismiss. Would like to be heard at this time.
>
> THE COURT: Okay.
>
> MS. BAILEY: Your Honor, my client is indicted with two first degree kidnappings, two indecent liberties. The kidnapping alleges that it was done for the purpose of facilitating a commission of a felony, indecent liberties. I have two cases. One is a very recent case, March 2006. It involves kidnapping. In this case, though, it is a robbery case but in the language of the kidnapping it refers that a person cannot be convicted of kidnapping when the only evidence of restraint is that which is an inherent inevitable feature of another felony. And it also discusses the moving, that the moving was necessary for the felony. It cannot be convicted of kidnapping based on these cases. I would contend that the State cannot go forward with the first degree kidnapping. Any movement or any restraint only—in the light most favorable to the State could only have been done for the purpose of an indecent liberties. There is no separate movement or restraint.
>
> May I approach with the two cases, Your Honor. I have copies.
>
> THE COURT: Yes.
>
> MS. BAILEY: The other case is involving kidnapping with sex offenses. Unfortunately I could not find a case on kidnapping, indecent liberties, that backs that charge. The cases I'll be showing to the Court and I have copies for counsel, State versus Antonio Ripley. That was the March 3rd, 2006 case. The other one is State versus Stinson, Court of Appeals, 127 N.C. App. 252. That's a 1997 case. The first case, the robbery case, is a North Carolina Supreme Court case.
>
> (Documents handed to the judge.)
>
> THE COURT: All right. State wish to respond?
>
> MS. BAILEY: Your Honor, I don't think I mentioned that I would make a motion to dismiss on all cases. I'm particularly presenting the case on the kidnapping cases.

Defendant did not make any further comments regarding the motion to dismiss beyond objecting to the trial court's denial of defendant's motion to dismiss. Defendant never mentioned consent, but instead argued solely on the issue of restraint.

"In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1). "This Court will not consider arguments based upon matters not presented to or adjudicated by the trial tribunal." *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991). Thus, defendant has waived his right to appellate review on the issue of lack of consent as before the trial court he only argued his motion to dismiss on the issue of double jeopardy.

### III. Motion in Limine

**[3]** Defendant next argues,

> the trial court committed reversible error by denying the defendant's motion in limine and allowing into evidence during the State's case-in-chief the testimony of [Kim] concerning the alleged prior bad acts of the defendant that occurred in Lumberton, North Carolina with [Kim] that were remote in time with no linkage to the current offense nor similar in nature as the evidence was irrelevant, prejudicial and incompetent as well as in violation of N.C.R.Evid. 403 and 404 as well as the defendant's rights to a fair trial and due process of law.

However,

> Our Supreme Court has consistently held that a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial. Rulings on motions *in limine* are preliminary in nature and subject to change at trial, depending on the evidence offered, and thus an objection to an order granting or denying the motion is insufficient to preserve for appeal the question of the admissibility of the evidence.

*State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005) (internal citations, internal quotation marks, and brackets omitted) (discussing conflict between N.C. Gen. Stat. § 8C-1, Rule 103(a)(2) and N.C.R. App. P. 10(b)(1)) (quoting *State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (per curiam) (citing N.C.R. App. P. 10(b)(1);

*State v. Dennison,* 359 N.C. 312, 608 S.E.2d 756 (2005) (per curiam); *Martin v. Benson,* 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998)). Defendant failed to plead plain error, and as defendant failed to object to the "alleged prior bad acts of the defendant that occurred in Lumberton, North Carolina" at the time the testimony regarding these acts was presented at trial, he has waived this issue on appeal. *See id.*

### IV. Jury Instructions

**[4]** Lastly, defendant argues,

> The trial court committed reversible plain error by instructing the jury as to the charge of first-degree kidnapping that the child had not reached its 16th birthday and her parent or guardian did not consent to the restraint when the indictment alleged that she had attained the age of 16 years therefore not requiring the consent of a parent or guardian thus changing the burden of proof required by the State of North Carolina in violation of the 6th and 14th Amendments to the United States Constitution and Article 1, Section 22 of the North Carolina Constitution.

> [As defendant concedes,] [b]ecause defendant failed to object to the jury instructions in this case, this assignment of error must be analyzed under the plain error standard of review. Plain error with respect to jury instructions requires the error be so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected. Further, in deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt.

*State v. Wood,* 185 N.C. App. 227, 232, 647 S.E.2d 679, 684 (internal citations, internal quotation marks, and brackets omitted) (quoting *State v. Bell,* 359 N.C. 1, 23, 603 S.E.2d 93, 109 (2004); *State v. Holden,* 346 N.C. 404, 435, 488 S.E.2d 514, 531 (1997)), *disc. rev. denied,* 361 N.C. 703, 655 S.E.2d 402 (2007). "In determining whether the variance of the trial court's charge from the precise allegations of the bill constituted prejudicial error requiring reversal, we must look to the purposes served by a bill of indictment." *State v. Rhyne,* 39 N.C. App. 319, 324, 250 S.E.2d 102, 105 (1979).

We have already determined that the four purposes of a bill of indictment have been met in this case as defendant was aware he was

being charged with first degree kidnapping, was not in any danger of being tried twice for the same offense, was able to "prepare for trial" on the appropriate charges, and the court was able to properly sentence him. *Hunt* at 267, 582 S.E.2d at 600. As the purposes of an indictment have been met, and as the trial court properly instructed the jury as to first-degree kidnapping as it applied to the case by stating, "If you do not so find or have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty . . . . [including,] that the person had not reached her sixteenth birthday and her parent or guardian did not consent to this restraint[,]" we do not conclude that there was plain error in the instructions to the jury.

## V. Conclusion

For the foregoing reasons, we conclude defendant received a fair trial, free from reversible error.

NO ERROR.

Judges HUNTER and ELMORE concur.