An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1216

Filed: 19 May 2015

Scotland County, No. 11 CRS 52610

STATE OF NORTH CAROLINA

v.

ALLEN DEAN McKENZIE

Appeal by defendant from judgments entered 2 May 2014 by Judge Thomas Lock in Scotland County Superior Court. Heard in the Court of Appeals 27 April 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Erin O. Scott, for the State.*

> *Wait Law, P.L.L.C., by John L. Wait, for defendant-appellant.*

DIETZ, Judge.

Defendant Allen Dean McKenzie appeals from his conviction and sentence for breaking or entering and larceny after breaking or entering. McKenzie contends that the trial court erred by allowing the State's motion to amend the indictment to change the alleged date of the offenses and admitting certain evidence made relevant by the amendment.

For the reasons discussed below, we hold that the trial court properly allowed the State's motion to amend because the date of the offense is not an essential element of either breaking or entering, or larceny after breaking or entering, and the amendment did not prejudice McKenzie's ability to present his defense. The trial court's admission of evidence that became relevant as a result of the amendment was likewise not an abuse of discretion. Accordingly, we find no error.

**Facts and Procedural History**

Don Simons owned a ten-acre Scotland County property that included four chicken houses and associated equipment, such as feeders, water lines, and heaters. On 8 September 2011, after returning from a trip, Mr. Simons went to the property for the first time in two or three weeks and discovered items were missing, including twelve chicken feeders and two auger motors. After Mr. Simons discovered the theft, he went to see Tommy Clark, a neighbor whom he had asked to watch the property. Mr. Clark told Mr. Simons that several weeks earlier he and his uncle saw Defendant Allen Dean McKenzie driving away from the property in a truck with feeders in the back. Mr. Clark thought Mr. Simons had sold the property.

After speaking to Mr. Clark, Mr. Simons reported the incident to the sheriff. Mr. Simons initially reported that he thought the crime was committed by "Eric Clark," but he testified at trial that he was confused about the names at the time because he had just spoken with Mr. Clark shortly before speaking to the sheriff.

Officers spoke to Mr. Clark and his uncle, who informed them that they had seen McKenzie taking the feeders from the property in his truck about two or three weeks before Mr. Simons discovered the items had been taken.

On 19 September 2011, McKenzie reported to the sheriff's office after a warrant was issued for his arrest. After being fingerprinted, McKenzie signed a waiver of his *Miranda* rights and made a police statement:

> We didn't break into nothing. Only 2 motors on an Auger were taken out of one of the chicken houses. All the other stuff was taken from around the chicken houses. Scrap Metal and 6 chicken feeders. The scrap metal consisted of metal brackets/paint cans, pieces of aluminum – just junk laying in fields.

McKenzie also told the investigator who took his statement that if he was going to be charged "for picking up junk that had been laying around for years he should have a lot more warrants coming."

At trial, Brenda Ward testified that she had known McKenzie for more than twenty-five years. Ms. Ward identified her handwriting on five scrap tickets from Scotland Salvage issued to McKenzie in August of 2011. The tickets showed McKenzie received payment for hundreds of pounds of scrap material. McKenzie objected to the admission of those tickets into evidence because the dates on the tickets were all in early to mid-August, prior to the dates of the offenses alleged on the indictment, 22 August 2011 through 8 September 2011. In response, the State moved to amend the indictment to change the first date in the range to 1 August

2011. The trial court allowed the motion to amend the indictment, and the tickets were admitted into evidence over McKenzie's objection.

The jury found McKenzie guilty of felony breaking or entering and felony larceny after breaking or entering. On 2 May 2014, the trial court entered judgments imposing two consecutive terms of 18 to 22 months in prison.

On 7 May 2014, McKenzie sent a letter to the clerk of court stating that he wanted to appeal from the judgments and requesting an appeal bond. That same day, Judge Mary Ann Tally signed appellate entries noticing McKenzie's appeal and appointing appellate counsel. On 15 January 2015, McKenzie filed a petition for writ of certiorari in this Court seeking to preserve his right to appellate review in light of the fact that he never gave oral notice of appeal at trial or filed an adequate written notice of appeal pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure. In response, the State argued that the appeal should be dismissed because petitioner's *pro se* notice of appeal was not properly served on the State.

**Analysis**

McKenzie's notice of appeal has multiple deficiencies, including lack of proof of service on the State and failure to designate the court to which appeal is taken. Accordingly, we must dismiss the appeal for failure to comply with N.C. R. App. P. 4 (2013). In our discretion pursuant to N.C. R. App. P. 21(a), however, we allow McKenzie's petition for writ of certiorari in order to review the trial court's judgments.

McKenzie presents two related arguments on appeal: (1) that the trial court erred by allowing the State's motion to amend the indictment; and (2) that McKenzie was prejudiced by the admission of the scrap yard tickets, which were records of activity that took place outside of the offense dates originally alleged. For the reasons discussed below, we reject McKenzie's arguments.

"We review the trial court's granting of the State's motion to amend the indictment *de novo*." *State v. Avent*, 222 N.C. App. 147, 148, 729 S.E.2d 708, 710, *disc. review denied*, 366 N.C. 411, 736 S.E.2d 176 (2012). Amendments to an indictment are only permissible if they do not "substantially alter the charge in the original indictment." *State v. Bowen*, 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000) (internal quotation marks omitted); *see also* N.C. Gen. Stat. § 15A-923(e) (2013) (generally disallowing the amendment of indictments). "Where time is not an essential element of the crime, an amendment in the indictment relating to the date of the offense is permissible since the amendment would not substantially alter the charge set forth in the indictment." *State v. Campbell*, 133 N.C. App. 531, 535, 515 S.E.2d 732, 735 (1999). "Accordingly, allowing amendment of the indictment would not constitute reversible error unless the date was an essential element of the crime." *State v. May*, 159 N.C. App. 159, 162, 583 S.E.2d 302, 304 (2003).

McKenzie was indicted for breaking or entering and larceny after breaking or entering, and a jury convicted him of the same offenses. "The essential elements of

felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. Litchford*, 78 N.C. App. 722, 725, 338 S.E.2d 575, 577 (1986) (citing N.C. Gen. Stat. § 14-54(a)). The essential elements of larceny are that the defendant: "(1) took the property of another; (2) carried it away; (3) without the owner's consent, and (4) with the intent to deprive the owner of the property permanently." *State v. Reeves*, 62 N.C. App. 219, 223, 302 S.E.2d 658, 660 (1983); *see also* N.C. Gen. Stat. § 14-72. The offense is a felony, regardless of the value of the property taken, if it is committed as part of a breaking or entering. *State v. Jones*, 188 N.C. App. 562, 568, 655 S.E.2d 915, 919 (2008); *see also* N.C. Gen. Stat. § 14-72(b)(2).

We therefore hold that the trial court properly allowed the State's motion to amend the indictment because the date of the offense was not an essential element of either offense. *See State v. Riffe*, 191 N.C. App. 86, 94, 661 S.E.2d 899, 905 (2008); *May*, 159 N.C. App. at 162, 583 S.E.2d at 304. We also hold that the trial court's decision to permit amendment did not prejudice McKenzie's ability to prepare a defense. McKenzie did not present an alibi defense or other defense that depended on the particular dates alleged in the indictment, and he received copies of the scrap yard tickets well in advance of trial and knew the State intended to submit them as evidence of his crime. Accordingly, we find no error in the trial court's ruling on the

State's motion to amend the indictment to clarify the dates on which the State alleged the crimes occurred.

Having found no error in the amendment to the indictment, we must also reject McKenzie's argument concerning admission of the scrap yard tickets. McKenzie's sole basis for challenging the admission of the scrap yard tickets into evidence is his contention that the indictment could not be amended to include the date range when those tickets were generated. Because we reject McKenzie's argument concerning the amendment to the indictment, we likewise reject his argument concerning the admissibility of this evidence.

## Conclusion

The trial court did not err in allowing the State's motion to amend the indictment and admitting the scrap yard tickets into evidence.

NO ERROR.

Judges BRYANT and TYSON concur.

Report per Rule 30(e).